HELENI E. SUYDAM, SBN 203833
KRIS DEMIRJIAN, SBN 252767
**SANDS & ASSOCIATES,**
A PROFESSIONAL LAW CORPORATION
232 N. Canon Drive, First Floor
Beverly Hills, CA 90210
Telephone:  (310) 859-6644
Facsimile:   (310) 492-0397
E-mail:      sandslaw@sandslaw.net

SEVAG DEMIRJIAN SBN 243656
**DEMIRJIAN LAW OFFICES**
A PROFESSIONAL LAW CORPORATION
6320 Canoga Ave. #1547
Woodland Hills, California 91367
Telephone: 310-870-3977
Facsimile: 310-946-0339
E-mail:      info@demirjianlaw.com

Attorneys for Plaintiff Raul Caiz

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL CAIZ, individually, | Case No.:  2:15-cv-9044 |
| Plaintiff, | Complaint Filed on |
| vs. | |
| WILLIAM LEONARD ROBERTS II, AKA MASTERMIND AKA RICK ROSS, an individual; UNIVERSAL MUSIC GROUP, Inc. , a California Corporation; DEF JAM RECORDS, Inc., Delaware Corporation; MAYBACH MUSIC GROUP, LLC, a Florida Limited Liability Company and DOES 1-10, inclusive. | **COMPLAINT FOR DAMAGES, INJUNCTIVE AND OTHER RELIEF FOR VIOLATION OF 15 USC 1114; 15 USC 1125(a); 15 USC 1125(c); 15 USC 1125(d); RCW 11.86 ET SEQ AND RELATED CLAIMS** |
| | **CAUSES OF ACTION**<br>1. **Trademark Infringement**<br>2. **Violation of Lanham Act §43(a)**<br>3. **Trademark Dilution**<br>4. **Unfair Competition**<br>5. **Unjust Enrichment**<br>6. **Misappropriation** |
| Defendants. | **DEMAND FOR JURY TRIAL** |

1.     This is an action in law and equity for trademark infringement, false designation of origin, and unfair competition arising under the Lanham Act 15 U.S.C. 1051, et seq., for trademark infringement, unfair competition, dilution, injury to business reputation and deceptive trade practices under the laws of the State of California.

2.     As set forth below, Plaintiff Raul Caiz (hereinafter "Plaintiff" or "Caiz") is an independent hip hop music artist.  Plaintiff owns the valuable trademark rights containing the dominant term "Mastermind" for use in connection within the music industry, primarily hip hop music.

3.     Defendant William Leonard Roberts, II is a major and extremely successful hip hop artist also known as "Rick Ross".  Notwithstanding Plaintiff's prior protestations, Defendants have blatantly and willfully trampled on Plaintiff's trademark rights by releasing the hip hop album called "Mastermind" and subsequently taking on the "Mastermind" persona and subsequent "Mastermind" tour.

4.     Maybach Music Group is a Florida Limited Liability Company, with its principal place of business in the State of Mississippi.

5.     Defendant Universal Music Group is a Delaware Corporation, headquartered and authorized to do business in the State of California.

6.     Defendant Def Jam Records, Inc. is a Delaware Corporation headquartered in the State of New York.  Def Jam Records, Inc. is a subsidiary of Universal Music Group.

7.     By virtue of Defendants' dominant position in the industry relative to Plaintiff and Defendants' significant marketing budget, Defendants unauthorized use of the "Mastermind' mark has begun to saturate the market and overwhelm Plaintiff's trademark in the marketplace.  Members of the relevant trade have already expressed a mistaken belief that Plaintiff was the one releasing the

"Mastermind" album, or that they are somehow related. As a result, Plaintiff is quickly losing the value of his trademark, its identity and control over the goodwill and reputation established over the years. Accordingly, the harm suffered by Plaintiff as a result of Defendants' infringement and unfair competition is irreparable, and Dependants' wrongful activities will continue unless enjoined by the Court.

## JURISDICTION AND VENUE

8.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. 1331 and 1338 and  15 U.S.C. 1121 because Plaintiff's claims arise under the Trademark Act of 1946, as amended, 15 U.S.C. 1051, et seq.  The Court has supplemental jurisdiction over the state and common law claims under 28 U.S.C. 1338(b) and 28 U.S.C. 1367(a).

9.     The Court has personal jurisdiction over Defendants by virtue of the fact that, upon information and belief, Defendants (a) are doing business in the State; (b) have transacted business within the State of California; and  (c) have infringed Plaintiff's trademarks within the state.

10.    Venue is proper in the Central District of California and the County of Los Angeles under 28 U.S.C. 1391(b) and (c) because Defendant does business in, has substantial contacts with and/or may be found in the Central District of California, and a substantial portion of the events at issue have arisen and will arise in this judicial district.

## PARTIES

11.    Plaintiff RAUL CAIZ (hereinafter "Plaintiff" or "Caiz") is an individual and, at all relevant times, residing in the State of California and presently resides in Los Angeles County.

12.     Plaintiff is also known as the hip hop artist by the name of "Mastermind" by and through his federally registered trademark.

13.     Defendant Universal Music Group is a Delaware Corporation, headquartered and authorized to do business in the State of California.

14.     Defendant Def Jam Records, Inc. is a Delaware Corporation headquartered in the State of New York.  Upon information and belief, Def Jam Records, Inc. is a subsidiary of Universal Music Group.

15.     Defendant Maybach Music Group is a Florida Limited Liability Company, with its principal place of business in the State of Mississippi.

16.     Defendant William Roberts II ("Rick Ross") is an individual currently residing in the State of Georgia.

17.     Defendant Roberts is also known as the hip hop artist by the name of "Rick Ross", "Ricky Rozay" and "Mastermind".

18.     Plaintiffs are unaware of the true names and capacities of those sued herein as unknown other named defendants.  Plaintiffs will amend this complaint to allege said defendants' true names and capacities when that information becomes known to them.

19.     Plaintiffs are informed, believe and thereon allege that these unknown other named defendants are legally responsible and liable for the incident, injuries and damages hereinafter set forth, and that each of said defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful or wanton misconduct, including the negligent, careless, deliberately indifferent, intentional, willful or wanton misconduct in creating and otherwise causing the incident, conditions and circumstances hereinafter set forth, or by reason of direct or impugned negligence or vicarious fault or breach of duty arising out of the matters herein alleged.

20.     Plaintiffs are informed and believe and thereon allege that each Defendant was, at all relevant times, either an agent, supervisor, manager, joint venturer,

employer, and/or employee and/or co-conspirator of each or one or more of the remaining Defendants, and was acting in the course and scope of such agency, joint venture, managerial, employment and/or conspiracy and with the permission and consent of their codefendants.  The Defendants, and each of them, authorized and ratified the wrongful acts of each and every other Defendant.  Plaintiffs further allege that Defendants agreed, corroborated and conspired in committing the wrongful acts as herein alleged with the knowledge and consent of the remaining Defendants and each of them and/or Defendants were reckless, grossly negligent, and/or deliberately indifferent in not knowing of the conditions and/or acts and omissions complained of and thereby created an environment whereby the alleged wrongful acts could occur. Plaintiffs will seek leave to amend this complaint to set forth said true names and identities of the unknown other named defendants when they are ascertained.

21.     Each of the individual defendants sued herein is sued both in his or her individual and personal capacities, as well as his or her official capacity.

## COMMON FACTS

22.     Plaintiff owns valuable rights in the federally registered trademark "Mastermind" that has been used widely and continuously for 17 years in connection with his music career.  Mr. Caiz is the registered owner of federal trademark number 4366332 in classes 9 and 41 for the word mark "MASTERMIND".

23.     Mr. Caiz is an artist who built his career by following all the correct procedures and performing the due diligence expected of him by standard industry practices in securing his artist name and works. He should be used as a model for start-up artists on how to progress your musical career. Mr. Caiz dotted all his I's and crossed all his T's since he began working as Mastermind in 1998 and has done so continuously up until present.

24.   Mr. Caiz has been involved in the music business as an artist and producer professionally for the last 17 years, all under the name "Mastermind".

25.   On December 24, 2005 Mr. Caiz applied for registration of a trademark with the USPTO in classes 9 and 41 for "Mastermind", which was registered on July 16, 2013.

26.   Defendant Roberts has long gone by the name "Rick Ross" and is a hip hop artist who has sold millions of albums to date.

27.   In December 2012, it was reported that Rick Ross had begun working on his sixth studio album.

28.   On January 1, 2013, he announced he would release the title of his sixth studio album on January 7, 2013. On January 7, 2013, in a promotional video he revealed the title of the sixth album would be "Mastermind".

29.   What started as an album name quickly converted to Rick Ross calling himself "Mastermind" and taking on the persona of "Mastermind". Rick Ross went above and beyond by referring to himself as "Mastermind" in interviews and live performances, with interviewers also referring to him as "Mastermind". Rick Ross has taken on the persona of "Mastermind" and claimed it as his own, creating confusion in the marketplace. He has identified himself with and linked himself to the name of "Mastermind".

30.   Rick Ross heavily promoted his album by also naming his U.S. and International tours "Mastermind".

31.   While Rick Ross is the individual who chose to utilize the trademark "Mastermind" to sell his products, the remaining Defendants reviewed, approved of, and assisted in the creation and distribution of the infringing materials an products bearing the "Mastermind" mark.

32.   Plaintiff has used the name "Mastermind" in the industry since 1999. Throughout that time he continued to use the Mastermind mark. Some of Plaintiff's conduct of continuous use of the mark include:

- Purchasing of recording gear in 1999 at Wards to start off his recording career as "Mastermind". From then through 2002, he spent thousands of dollars on equipment and recording.
- Filed for a DBA as "Mastermind" on December 17, 2001. Renewed in 2010;
- Received his first air play of one of his songs on September 14, 2002 under the name "Mastermind";
- Received a synchronization license deal on March 30, 2003 for 3 of his songs under the name "Mastermind";
- One of his songs was played in a movie in September of 2003 under the name "Mastermind";
- Three more of his songs received a synchronization license deal on August 27, 2004 under the name "Mastermind";
- One more of his songs received a synchronization license deal on September 14, 2004 under the name "Mastermind";
- One of his songs was played in a movie in November of 2004 under the name "Mastermind";
- After spending another several thousand on recording an equipment in 2005, a new song of his was played in a movie in October of 2005 under the name "Mastermind";
- One of his new songs received a licensing deal as a mall jingle in December of 2005 under the name "Mastermind". Royalty payments received up until January of 2006;
- Registered MastermindMusic.biz on February 11, 2006;
- Spent time rehearsing in professional studio in 2006 and purchased more equipment for his home studio in 2007;

- Hired producers, actors and artists for his first major music video production from February to April of 2008 for "Land of the Hustlers" under the name "Mastermind";
- Registered his copyright on the "Land of the Hustlers" music video on July 31, 2008;
- "Land of the Hustlers" video posted to YouTube on August 11, 2008 under the name "Mastermind";
- Rented time in a professional studio from January to February of 2009 to record new material under the name "Mastermind";
- Back in the studio on June 5, 2010 through November 20, 2010 to record, editing and master the new material under the name "Mastermind";
- Rented professional studio time from February 12, 2011 through November 13, 2011 to record, editing and master new material under the name "Mastermind";
- Rented professional studio time from April, 2011 through November 13, 2011 to record, editing and master new material under the name "Mastermind";
- Rented professional studio time from April 8, 2012 through July 29, 2012 to record, editing and master more new material under the name "Mastermind";
- Rented professional studio time from January 25, 2013 through November 30, 2013 to record, editing and master new material under the name "Mastermind"
- Rented professional studio time from April 11, 2014 through August 30, 2014 to record, editing and master new material under the name "Mastermind";

- Rented professional studio time from February 20, 2015 through April 5, 2015 to record, editing and master more new material under the name "Mastermind".

33.   On or about February 5, 2014, Plaintiff, acting through its prior counsel, sent a cease and desist letter to Defendants Rick Ross and Def Jam Records, Inc., in which Plaintiff demanded, inter alia, that Defendants cease all use of the "Mastermind" mark.

34.   Despite Defendants actual knowledge of Plaintiff's prior and superior trademark rights, as well as Plaintiff's clear and unambiguous objections to such infringing activities, Defendants released the "Mastermind" album, Rick Ross started referring to himself as "Mastermind" and launched the "Mastermind" concert tour.

35.   On or about August 4, 2015, Plaintiff sent another cease and desist letter to Defendant Rick Ross and Universal Music Group's counsel, which were ultimately ignored.

36.   The use of the infringing "Mastermind" mark is without the consent of Plaintiff and is damaging Plaintiff by means of dimunition of goodwill and reputation.

37.   The conduct of Defendant is deliberate and intentional and is specifically intended to enrich Defendant at the expense of Plaintiff.

38.   Defendant has willfully infringed upon and diluted Plaintiff's trademark and created confusion in the marketplace, particularly in Plaintiff's hometown of Los Angeles, but throughout the world of hip hop music and entertainment.

## FIRST CLAIM FOR RELIEF - FEDERAL TRADEMARK INFRINGEMENT

### (Against All Defendants and DOES 1 though 10)

39.   Plaintiff realleges all preceding allegations and incorporates here as though fully set forth.

40.   Defendants' use of the "Mastermind" mark is likely to cause reverse confusion, cause mistake and/or cause deception as to the source or origin of the art in that the public are likely to believe that "Mastermind" will refer to Rick Ross and not Plaintiff or that the two are in some way legitimately connected.

41.   Defendants' use of the "Mastermind" name and persona is a violation of 15 U.S.C. §1114.  Defendants' activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public and, additionally, injury to Plaintiff's goodwill and reputation for which Plaintiff has no adequate remedy at law.

42.   Defendants' use of the designation "Mastermind" in connection with his hip hop album, persona, and tour has been made notwithstanding Plaintiff's well-known and prior established rights in the "Mastermind" trademark and with both actual and constructive notice of Plaintiff's federal registration rights under 15 U.S.C. 1072.

43.   Defendants actions demonstrate an intentional, willful, and malicious intent to trade the goodwill associated with Plaintiff's federally registered "Mastermind" mark to Plaintiff's great and irreparable injury.

44.   Defendants have caused and is likely to continue causing substantial injury to the public and Plaintiff, and Plaintiff is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorney's fees under 15 U.S.C. 1114, 1116, and 1117.

## SECOND CLAIM FOR RELIEF - LANHAM ACT SECTION 43(a)
### (Against All Defendants and DOES 1 though 10)

45.   Plaintiff realleges all preceding allegations and incorporates here as though fully set forth.

46.     Defendants' aforementioned acts constitute direct and/or contributory trademark infringement and unfair competition in violation of the Lanham Act, 15 U.S.C. 1125(a) et seq.

47.     As a direct and proximate result of the foregoing acts of Defendants, Plaintiff has been damaged and has suffered and will continue to suffer immediate and irreparable harm. Unless restrained by the Court, Defendants will continue to cause irreparable injury and damage to Plaintiff and to the goodwill associated with Plaintiff's "Mastermind" mark.  Plaintiff is without adequate remedy at law.

### THIRD CLAIM FOR RELIEF - FEDERAL TRADEMARK DILUTION
### (Against All Defendants and DOES 1 though 10)

48.     Plaintiff realleges all preceding allegations and incorporates here as though fully set forth.

49.     Plaintiff's "Mastermind" trademark is famous and had become famous prior to Defendants' unauthorized use of the mark as aforesaid.

50.     Defendants unauthorized use of the trademark dilutes Plaintiff's trademark by tarnishing, blurring, weakening, and diluting the distinctive quality of said trademark.

51.     Defendants' dilution of the trademark has been reckless and/or wilfull.

52.     By such wrongful acts, Defendants have caused and, unless restrained by the Court, will continue to cause serious irreparable injury and damage to Plaintiffs and to the goodwill associated with the trademark, including dilution of the mark, diversion of customers from Plaintiff, lost sales and profits, and Defendants will be unjustly enriched.  Plaintiff has no adequate remedy at law.

### FOURTH CLAIM FOR RELIEF - UNFAIR COMPETITION
### (Against All Defendants and DOES 1 though 10)

53.   Plaintiff realleges all preceding allegations and incorporates here as though fully set forth.

54.   Defendants aforementioned acts constitute unfair competition under state law and common law.

55.   Plaintiffs have been damaged by Defendants' aforementioned acts.

///

///

## FIFTH CLAIM FOR RELIEF - UNJUST ENRICHMENT
### (Against All Defendants and DOES 1 though 10)

56.   Plaintiff realleges all preceding allegations and incorporates here as though fully set forth.

57.   Defendants' unauthorized use of Plaintiff's trademark has resulted in commercial and pecuniary benefit to Defendants.

58.   Defendants accepted, used and enjoyed the commercial, pecuniary and other benefits that resulted from their use and display of Plaintiff's trademark.

59.   Defendants have refused without legal justification or excuse to pay for the commercial and pecuniary benefits received, and by reason of such refusal, Defendants are liable to Plaintiffs for the value of the commercial and pecuniary benefits resulting from their unauthorized use of Plaintiff's trademark.

## SIXTH CLAIM FOR RELIEF – MISAPPROPRIATION
### (Against All Defendants and DOES 1 though 10)

60.   Plaintiff realleges all preceding allegations and incorporates here as though fully set forth.

61.   Defendants' sale of the Mastermind album and subsequent tour without Plaintiff's consent and without remunerating Plaintiffs constitutes misappropriation.

62.   Defendants' misappropriation has caused serious harm to Plaintiff.

63.     Defendants' conduct has been willful and malicious.

64.     Defendant's actions demonstrate an intentional, willful, and malicious intent to trade the goodwill associated with Plaintiff's federally registered "Mastermind" mark to Plaintiff's great and irreparable injury.

65.     Defendant' hasve caused and is likely to continue causing substantial injury to the public and Plaintiff, and Plaintiff is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorney's fees.

**WHEREFORE, Plaintiff prays as follows:**

1.     That the court enter judgment in favor of Plaintiff against Defendants, jointly and severally, for all damages proximately caused by Defendants and further award Plaintiff its attorney fees and costs incurred in the prosecution of this action in an amount in excess of $1,000,000.00.

2.     That the court find that Defendants have violated 15 U.S.C. 1114 and grant Plaintiff preliminary and permanent injunctive relief together with damages, pursuant to 15 U.S.C 1117(a)(c) consisting of Defendants' profits, any damages sustained by Plaintiff and the cost of the action; said amount to be trebled; that the court award Plaintiff its attorney fees; that the court in the alternative award damages in such amount as the  court in its discretion shall find to be just; that the court in the alternative, if elected by Plaintiff, award statutory damages of $1,000,000.00 against Defendants.

3.     That the court find that Defendants have violated 15 U.S.C 1125(a) and grant Plaintiff preliminary and permanent injunctive relief together with damages, pursuant to 15 U.S.C 1117(a)(c) consisting of Defendants' profits, any damages sustained by Plaintiff and the cost of the action; said amount to be trebled; that the court award Plaintiff its attorney fees; that the court in the alternative award damages in such amount as the court in its discretion shall find to be just.

4.      That the court find that Defendants have violated 15 U.S.C 1125 (c) and grant Plaintiff preliminary and permanent injunctive relief together with damages, pursuant to 15 U.S.C 1117(a)(c) consisting of Defendants' profits  any damages sustained by Plaintiff and the cost of the action; said amount to be trebled; that the court award Plaintiff its attorney fees; that the court in the alternative award damages in such amount as the court in its discretion shall find to be just.

5.      That the court award such other and further relief as it deems just and equitable in the premises.

Dated: November 1B, 2015

SANDS & ASSOCIATES

_____
HELENI E. SUYDAM
KRIS DEMIRJIAN
Attorneys for Plaintiff,
RAUL CAIZ