1  LEWIS BRISBOIS BISGAARD & SMITH LLP
   CRAIG HOLDEN, SB# 174643
2     E-Mail: Craig.Holden@lewisbrisbois.com
   633 West 5th Street, Suite 4000
3  Los Angeles, California 90071
   Telephone: 213.250.1800
4  Facsimile: 213.250.7900

5  Attorneys for Defendants UNIVERSAL MUSIC GROUP, INC.,
   DEF JAM RECORDS, INC., MAYBACH MUSIC GROUP, LLC,
6  and WILLIAM L. ROBERTS II

*NOTE CHANGES MADE BY THE COURT.*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| RAUL CAIZ,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM LEONARD ROBERTS II, aka MASTERMIND aka RICK ROSS, an individual; UNIVERSAL MUSIC GROUP, INC., a California Corporation; DEF JAM RECORDS, INC., a Delaware Corporation; MAYBACH MUSIC GROUP, LLC, a Florida Limited Liability Company and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. 2:15-CV-9044 RSWL (AGRx)<br><br>**STIPULATED PROTECTIVE ORDER;**<br><br>NOTE CHANGES MADE BY THE COURT.<br><br>The Hon. Ronald S.W. Lew<br><br>Complaint Filed: November 11, 2015<br>Trial Date:    None Set |

This Stipulation is entered into between Plaintiff RAUL CAIZ ("Plaintiff"), and Defendants WILLIAM LEONARD ROBERTS II, UNIVERSAL MUSIC GROUP, INC., DEF JAM RECORDS, INC., MAYBACH MUSIC GROUP, LLC, ("Defendants") (collectively hereinafter referred to as the "Parties.") The Parties by and through their respective attorneys of record hereby agree and stipulate as follows:

### RECITALS

**WHEREAS** in this Action, the Parties believe that they will or may be required to produce or disclose in this Action, and that non-parties may produce or disclose, information that is alleged

to be confidential, proprietary, trade secret, and/or of a private or personal nature and that, if disclosed in this Action without restriction on its use or further disclosure, may cause disadvantage, harm, damage and loss to the disclosing Party or to the disclosing non-party.

**WHEREAS** without prejudice to any Party's right to object or resist disclosure or designation of such categories of information on any grounds, the Parties currently anticipate that categories of such trade secret, proprietary, confidential and/or private documents and other information that may be disclosed in discovery by the Parties and by non-parties will or may include:

(1) Private or confidential customer, patient, contractor or vendor information;

(2) Specific terms of agreements with, and information received from third parties that a Party is required to disclose only under conditions of confidentiality;

(3) Personal or private financial, patient or business information, and confidential financial or business or customer data that is not known generally to the trade or to competitors, including customer data, business data, and financial data; and

(4) Business plans, marketing strategies and information that are not known generally to the trade or to competitors, including non-public information relating to clients, customers, contractors and/or vendors.

**WHEREAS** the Parties intend to, and have already, propounded requests for production of documents, requests for admissions, form and special interrogatories upon each other, which request documents and other information which contain nonpublic and sensitive personal information of individual persons, trade secrets, confidential research, developments, commercial financial information and/or any other proprietary, confidential, or competitively sensitive business information.

**WHEREAS** the Parties agree that a protective order is necessary to maintain the status quo until a determination can be made as to whether such documents are properly subject to protection.

**WHEREAS** the Parties require the information contained in these documents for prosecution and defense of this lawsuit.

**WHEREFORE**, the Parties **HEREBY STIPULATE** that, subject to the Court's approval, the following procedures shall be followed in this Action to facilitate the orderly and efficient discovery of relevant information while minimizing the potential for unauthorized disclosure or use of confidential or proprietary information:

## STIPULATION

1. The Parties hereby stipulate and consent that the terms and conditions of this Stipulated Protective Order ("Protective Order") shall govern the handling of documents and information produced, whether informally or in response to a production request, by the Parties to treat information that has been or will be requested and produced in discovery in this action as confidential. The Parties agree that a protective order is necessary to maintain the status quo until a determination can be made as to whether such documents are properly subject to protection.

2. For the purposes of this Protective Order, "DOCUMENTS" means all written, recorded, computerized, electronic, or graphical material or information and things, whether produced or created by a Party or another person, and whether produced in response to a discovery request, subpoena, agreement, or otherwise.

3. The Parties to this action have the right to designate as "CONFIDENTIAL" any documents in this action which either Party believes in good faith contains nonpublic and sensitive personal information of individual persons, trade secrets, confidential research, developments, commercial financial information and/or any other proprietary, confidential, or competitively sensitive business information ("CONFIDENTIAL DOCUMENTS"). By entering into this protective order providing for the designation of documents and other discovery materials as "CONFIDENTIAL," no party is admitting that the contents of any such documents or other discovery materials are in fact confidential. No party receiving such a document, however, has the unilateral right to disregard such a designation. Rather, to challenge such a designation the procedures set forth herein must be followed.

4. Unless agreed to in writing by the respective counsel or otherwise ordered by the court, the CONFIDENTIAL documents and all information derived there from shall be used only in connection with, in preparation for and/or trial of this action, *RAUL CAIZ, et al. v. WILLIAM*

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4851-2712-5807.1

3

STIPULATED PROTECTIVE ORDER;

2:15-CV-9044 RSWL (AGRx)

*LEONARD ROBERTS II, et al.*, United States District Court for the Central District of California, Case No. 2:15-CV-9044 (RSWL (AGRx) (this "ACTION"), and any other proceedings relating to the ACTION, and shall not be used for any other purpose whatsoever, and shall not be used or disclosed in any cases designated as "related" cases under state or federal law.

5. By producing the CONFIDENTIAL documents, producing Parties do not waive any objection to the CONFIDENTIAL documents admissibility, relevance, or any other ground of objection, all of which grounds are specifically reserved.

6. The CONFIDENTIAL documents and any copies, summaries, extracts, notes or memoranda relating thereto may be disclosed by counsel of record for the Parties to this ACTION *only* to the following:

   a. The Parties, their officers, employees, and agents who are working on this specific case;

   b. Counsel of record for the Parties, counsel's employees, and/or agents who are working on this specific case;

   c. Consultants and experts employed by counsel of record for the purpose of assisting in the preparation for and/or trial of this specific case but only to the extent such persons need such confidential information for that preparation;

   d. The court and court personnel;

   e. Employees of outside copy services used to make copies of CONFIDENTIAL documents;

   f. ~~The jury selected for trial in this matter (if any); and~~

   g. Any other person under such terms as may be agreed by the Parties in writing or as the court may hereafter order.

7. Each person, other than the court, parties or their counsel, to whom information designated as CONFIDENTIAL is disclosed shall be informed of the terms of this Protective Order and agree to be bound by it before disclosure to such persons of any such information. The persons described in Paragraph 6(g) shall not have access to either CONFIDENTIAL information,

as the case may be, until they have certified that they have read this Protective Order and have manifested their assent to be bound thereby by signing a copy of the Assurance of Compliance attached hereto as Exhibit A. Once a person has executed such an Assurance of Compliance, it shall not be necessary for that person to sign a separate Assurance of Compliance each time that person is subsequently given access to confidential material.

8. Any Party wishing to attach a CONFIDENTIAL document as an exhibit to any deposition in this ACTION shall inform the court reporter or transcriber who reports or transcribes testimony about this Protective Order before the beginning of the deposition. Portions of deposition transcripts marked "CONFIDENTIAL" shall be treated as if they were the CONFIDENTIAL documents.

9. In the event the CONFIDENTIAL document and portions of transcripts designated as CONFIDENTIAL, either by agreement among counsel or by order of the court, are deposited with the court, they shall be filed in an envelope bearing the caption of this matter and the "CONFIDENTIAL" notation.

10. In the event that the CONFIDENTIAL documents or portions or transcripts designated as CONFIDENTIAL are deposited with the court or used in connection with any filing or proceeding in this ACTION, the parties shall comply with Local Rule 79-5 and file an application to file under seal. [handwritten edits by AGR; original stricken text: "CONFIDENTIAL documents shall be filed in an envelope bearing the caption of this matter and the notation "CONFIDENTIAL." Said documents will be filed under seal with the Court. The Parties shall comply with the governing rules for filing matters under seal."]

11. The Protective Order, its terms, the designation of a transcript as CONFIDENTIAL, the designation of documents as CONFIDENTIAL, or of the fact that material is confidential shall not be admissible during trial and shall not be communicated to the jury.

12. All CONFIDENTIAL documents, including all copies and information obtained from such CONFIDENTIAL documents shall, subject to the provisions hereof, be used by the person receiving them only in connection with prosecuting or defending persons or entities named in and in connection with this action. CONFIDENTIAL documents shall not be used for any business, competitive, or other purposes, and shall not be disclosed to any person or entity, except

LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

as provided herein. However, the Protective Order is not intended to apply to documents or information that is or was already publicly available, or documents or information already possessed by a person without restriction on use or disclosure.

13. In the event that a Party receiving material designated as CONFIDENTIAL disagrees with such a designation, that Party shall serve written notice of objection to the Party designating the material CONFIDENTIAL. The Parties shall then attempt in good faith to resolve the dispute. The party designating the material CONFIDENTIAL shall have the burden of proof to establish that the material is CONFIDENTIAL, and the prevailing party in any motion before the court to establish material as CONFIDENTIAL or challenge it as CONFIDENTIAL shall be entitled to their attorneys fees and costs for said motion. If the Parties are unable to come to a resolution after a good faith attempt to resolve the dispute, the Party making the designation, within 10 days of notice of objection, shall arrange a conference with the court, to resolve the dispute, if possible, or proceed with a noticed motion (or ex parte application if warranted) to resolve the dispute. The designation may not be disregarded unless and until it is ordered changed by the court; however, if the designating party fails to meet and confer or move for a protective order, then the designating party may be subject to sanctions for making a bad faith designation or for failing to meet and confer or otherwise comply with the terms of this protective order.

14. The parties, their counsel and all others bound by this agreement agree that upon coming across material from an adversary that is apparently confidential or privileged, and that appears was disclosed inadvertently, the lawyer (including those the materials have been shared with) has a duty to: (1) examine the material only to the extent necessary to determine that it is privileged or confidential; (2) immediately notify the sender of the lawyer's possession; and (3) attempt to resolve the dispute informally, or refrain from using the material until further court order. ~~See Rico v. Mitsubishi Motors Corp., 42 Cal. 4th 807 (2007) (California Supreme Court defining a lawyer's ethical duties when coming across material from an adversary that is obviously confidential or privileged and it appears that the material was disclosed inadvertently); Federal Rules of Evidence Section 502.~~

15. Upon final determination of this action, whether by judgment or settlement or

otherwise, including all appeals:

    a.    The Parties counsel of record and any other person who has received DOCUMENTS designated as CONFIDENTIAL shall, at the recipient's discretion, maintain, destroy or, if requested by the producing Party's counsel, assemble and return to the producing Party's counsel all CONFIDENTIAL documents so produced, along with all copies, extracts, summaries and compilations thereof, except material constituting the work product of any counsel, which shall be kept confidential thereafter. If returning the documents, each Party shall select and arrange with a messenger service to pick up and return the DOCUMENTS to the respective Party's counsel;

    b.    Counsel of record will continue to protect the confidentiality of information contained in CONFIDENTIAL documents retained under (a) above; and,

    c.    ~~The clerk of the court shall be requested to return to the disclosing parties all CONFIDENTIAL documents, which have been filed with the court.~~ [AGR]

16. The execution of this Protective Order shall not preclude any party from moving the court for protective orders in the course of this litigation, from modifying or expanding this Protective Order as needed or from objecting to discovery that it believes to be improper.

17. This Protective Order is subject to amendment and modification by further written stipulation among counsel of record in this action or by order of the court.

///

///

18. Any parties added to this action subsequent to this Protective Order shall be bound by this Protective Order. Any non-parties wishing protection by the order shall execute and serve a copy of Exhibit "B" on all parties. The order shall thereby bind them and the other parties with respect to them.

The Parties to this agreement may exercise any rights they may have, at law or in equity, to enforce its terms.

**IT IS SO STIPULATED.**

DATED: March 31, 2016          LEWIS BRISBOIS BISGAARD & SMITH LLP

                               By: _____
                               CRAIG E. HOLDEN
                               Attorneys for Defendants UNIVERSAL MUSIC
                               GROUP, INC., DEF JAM RECORDS, INC.,
                               MAYBACH MUSIC GROUP, LLC,
                               and WILLIAM L. ROBERTS II

DATED: March 30, 2016          SANDS & ASSOCIATES

                               By: _____
                               HELEN E. SUYDAM
                               KRIS DEMIRJIAN
                               Attorneys for Plaintiff RAUL CAIZ

DATED: March 30, 2016          DEMIRJIAN LAW OFFICES

                               By: _____
                               SEVAG DEMIRJIAN
                               Attorneys for Plaintiff RAUL CAIZ

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED: April 1, 2016           _____
                               Honorable Alicia G. Rosenberg
                               United States District/Magistrate Judge

## EXHIBIT A

## ASSURANCE OF COMPLIANCE

I, _____, under penalty of perjury under the laws of the State of California, declare and state as follows:

I reside at _____, in the City/County of _____ and State/Country of _____;

I have read the annexed Stipulated Protective Order, ("Protective Order") dated _____ in this action entitled *RAUL CAIZ, et al. v. WILLIAM LEONARD ROBERTS II., et al.*, Case No. 2:15-CV-9044 RSWL (AGRx), which currently is pending in the United States District Court for the Central District of California; that I am familiar with and agree to comply with and be bound by the provisions of that Protective Order;

I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use any Litigation Materials designated as CONFIDENTIAL except solely as permitted by the Protective Order; and

I consent to the jurisdiction of the aforementioned court, for the purpose of enforcing said Protective Order, enjoining any violation or threatened violation of the Protective Order or seeking damages for the breach of said Protective Order.

_____
(Signature)

# EXHIBIT B

## JOINDER IN STIPULATED PROTECTIVE ORDER

I, _____, under penalty of perjury under the laws of the State of California, declare and state as follows:

I reside at _____, in the City/County of _____ and State/Country of _____;

I have read the annexed Stipulated Protective Order, ("Protective Order") dated _____ in this action entitled *RAUL CAIZ, et al. v. WILLIAM LEONARD ROBERTS II., et al.*, Case No. 2:15-CV-9044 RSWL (AGRx), which currently is pending in the United States District Court for the Central District of California; that I am familiar with and agree to comply with and be bound by the provisions of that Protective Order and request that the other parties be similarly bound with respect to any data I produce.;

I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use any Litigation Materials designated as CONFIDENTIAL except solely as permitted by the Protective Order; and

I consent to the jurisdiction of the aforementioned court, for the purpose of enforcing said Protective Order, enjoining any violation or threatened violation of the Protective Order or seeking damages for the breach of said Protective Order.

_____
(Signature)

# FEDERAL COURT PROOF OF SERVICE
*Caiz v Maybach - Case No. 2:15-cv-9044*

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On March 31, 2016, I served the following document(s):

**STIPULATED PROTECTIVE ORDER; AND [PROPOSED] ORDER**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

**SEE ATTACHED SERVICE LIST**

The documents were served by the following means:

☒ (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on March 31, 2016, at Los Angeles, California.

/s/ Linda Aguirre
Linda Aguirre

**SERVICE LIST**
*Caiz v Maybach*
2:15-cv-9044

| Heleni E. Suydam, Esq.<br>Kris Demirjian, Esq.<br>Sands & Associates, APC<br>232 N. Canon Drive<br>First Floor<br>Beverly Hills, CA 90210 | Tel: 310-859-6644<br>Fax: 310-492-0397<br>Email: sandslaw@sandslaw.net<br><br>*Attorneys for Plaintiff Raul Caiz* |
|---|---|
| Sevag Demirjian<br>Demirjian Law Offices, APC<br>6320 Canoga Ave. #1547<br>Woodland Hills, CA 91367 | Tel: 310-870-3977<br>Fax: 310-946-0339<br>Email: info@demirjianlaw.com<br><br>*Attorneys for Plaintiff Raul Caiz* |