UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL CAIZ,<br><br>        Plaintiff,<br><br>        v.<br><br>WILLIAM LEONARD ROBERTS II, aka MASTERMIND aka RICK ROSS, UNIVERSAL MUSIC GROUP, INC., DEF JAM RECORDS, INC., MAYBACH MUSIC GROUP, LLC,<br><br>        Defendants. | CV No. 15-09044-RSWL-AGRx<br><br>**ORDER Re: DEFENDANTS' MOTION FOR ATTORNEYS' FEES [60]** |

**I. INTRODUCTION**

Currently before the Court is Defendants William Leonard Roberts II aka Mastermind aka Rick Ross ("Roberts"), Universal Music Group, Inc. ("Universal"), Def Jam Records, Inc., ("Def Jam"), and Maybach Music Group, LLC's ("Maybach") (collectively, "Defendants") Motion for Attorneys' Fees ("Motion") [60]. The Court, having reviewed all papers and arguments submitted

pertaining to this Motion, **NOW FINDS AND RULES AS FOLLOWS:** Defendants' Motion for Attorneys' Fees [60] is **DENIED**.

## II. BACKGROUND

### A. Factual Background

Plaintiff Raul Caiz ("Plaintiff") is a hip-hop music artist. Compl. ¶ 2, ECF No. 1. On December 24, 2005, Plaintiff applied for registration of the trademark "Mastermind" for use in Classes 009 and 41. Id. at ¶ 25. It was registered on July 16, 2013. Id. Roberts is also a hip-hop artist. Id. at ¶ 3. On January 7, 2013, Roberts announced the title of his sixth album would be "Mastermind." Id. at ¶ 28. Roberts went on to refer to himself as "Mastermind," claiming it as his own and creating confusion in the marketplace. Id. at ¶ 29. Universal, Def Jam, and Maybach reviewed, approved, and assisted in the creation and distribution of infringing materials which had the "Mastermind" mark. Id. at ¶ 31.

Plaintiff alleged Defendants wilfully infringed his trademark rights by releasing an album entitled "Mastermind," titling Roberts' tour "Mastermind," and by Roberts taking on the persona of "Mastermind," causing confusion in the marketplace. Id. Plaintiff claimed that the value of his trademark diminished because people mistakenly believed Plaintiff released the "Mastermind" album that Defendants had already released. Id. at ¶ 7. Plaintiff alleged he used the

name "Mastermind" since 1999 in various ways, including: purchasing recording equipment, recording music, performing at venues, obtaining synchronization deals for multiple songs, making a music video, and receiving a licensing deal to use a song as a mall jingle. Id. at ¶ 32.

Plaintiff's claims against Defendants included Federal Trademark Infringement pursuant to 15 U.S.C. § 1114, a violation of the Lanham Act, 15 U.S.C. § 1125(a), Federal Trademark Dilution, Unfair Enrichment, Unfair Competition, and Misappropriation. Id. at ¶¶ 39-65. Defendants filed a Counterclaim of cancellation of the federal trademark registration under 28 U.S.C. § 2201(a) and 15 U.S.C. §§ 1119, 1064. Countercl. ¶ 5. Defendants alleged the "Mastermind" mark is invalid because it is a generic and/or merely descriptive term that lacks secondary meaning. Id. at ¶ 12. Defendants requested the Court cancel Plaintiff's registration of the "Mastermind" mark pursuant to 15 U.S.C. § 1119. Id. at ¶ 18.

**B.  Procedural Background**

On November 20, 2015, Plaintiff filed a Complaint with this Court [1]. On February 16, 2016, Defendants filed an Answer [18]. On February 18, 2016, Defendants filed a Counterclaim against Plaintiff [22]. On March 8, 2016, Plaintiff filed an Answer to the Counterclaim [23]. On October 7, 2016, Defendants filed a Motion for Summary Judgment [44]. On December 15, 2016, this

Court granted Defendants' Motion for Summary Judgment [58]. On December 16, 2016, Judgment was entered in favor of Defendants [59]. On December 30, 2016, Defendants filed the instant Motion [60]. On January 10, 2017, Plaintiff filed its Opposition [61]. On January 17, 2017, Defendants filed their Reply [64].

### III. DISCUSSION

**A. Legal Standard**

1. Exceptional Cases

"The court in exceptional [trademark] cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). The interpretation of what constitutes an "exceptional case" is a question of law. Earthquake Sound Corp. v. Bumper Indus., 352 F.3d 1210, 1216 (9th Cir. 2003).

Courts may consider several factors to determine whether "exceptional circumstances" exist. E & J Gallo v. Proximo Spirits, Inc., No. CV-F-10-411 LJO JLT, 2012 WL 3639110, at *5 (E.D. Cal. Aug. 23, 2012). An action may be exceptional where plaintiff's case is "groundless, unreasonable, vexatious, or pursued in bad faith." Stephen W. Boney, Inc. v. Boney Servs., 127 F.3d 821, 827 (9th Cir. 1997)(quoting Scott Fetzer Co. v. Williamson, 101 F.3d 549 (8th Cir. 1996)). The Supreme Court has noted several "nonexclusive" factors to consider including "frivousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in

particular circumstances to advance considerations of compensation and deterrence." Octane Fitness, LLC v. ICON Health & Fitness, Inc., 134 S. Ct. 1749, 1756 n.6 (2014)(quoting Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 n.19 (1994)).

The Ninth Circuit has recently held that courts should look to the "totality of the circumstances" in determining if a case is exceptional and "exercis[e] equitable discretion in light of nonexclusive factors identified in Octane Fitness and Fogerty, and us[e] a preponderance of the evidence standard." SunEarth, Inc. v. Sun Earth Solar Power Co., Ltd., 839 F.3d 1179, 1181 (9th Cir. 2016). Additionally, "[t]he Court is not compelled to award attorney's fees even if the case is exceptional." Starbuzz Tobacco, Inc. v. Addison Specialty Services, Inc., No. 13-CV-1539-MMA (KSC), 2015 WL 11251805, at *5 (S.D. Cal. July 29, 2015) (citing Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc., 915 F. Supp. 2d 1179, 1186 (D. Nev. 2013) aff'd, 778 F.3d 1059 (9th Cir. 2015)).

2. Reasonable Attorneys' Fees

When attorneys' fees are awarded under § 1117(a) of the Lanham Act, the amount of the fee award is subject to the court's discretion. Sealy, Inc. v. Easy Living, Inc., 743 F.2d 1378, 1384 (9th Cir. 1984). "When it sets a fee, the district court must first determine the presumptive lodestar figure by multiplying the number of hours reasonably expended on the litigation by the

5

reasonable hourly rate." <u>Intel Corp. v. Terabyte Int'l, Inc.</u>, 6 F.3d 614, 622 (9th Cir. 1993)(internal citation omitted). In appropriate cases, courts may then adjust the "presumptively reasonable" lodestar figure based upon factors set forth by the Ninth Circuit in <u>Kerr v. Screen Extras Guild, Inc.</u>, 526 F.2d 67, 69-70 (9th Cir. 1975) <u>abrogated on other grounds by City of Burlington v. Dague</u>, 505 U.S. 557 (1992).[1]

## C. Analysis

### 1. Defendants' Failure To Comply With Local Rule 7-3

Local Rule 7-3 requires that "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." L.R. 7-3. The Local Rule further requires that this conference shall take place at least seven (7) days prior to the filing of the motion. <u>Id.</u> The Court may, in its discretion, refuse to consider Defendants' Motion for failure to comply with Local Rule 7-3. <u>See, e.g.</u>, <u>Reed v. Sandstone</u>

---

[1] The <u>Kerr</u> factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. <u>Kerr</u>, 526 F.2d at 69-70.

6

Properties, L.P., No. CV 12-05021 MMM (VBKx), 2013 WL 1344912, at *6 (C.D. Cal. Apr. 2, 2013). Defendants assert when the parties met and conferred regarding Defendants' intention to file a Motion for Summary Judgment on September 9, 2016, Defendants' counsel advised Plaintiff's counsel that Defendants would seek attorneys' fees if the motion was granted. Decl. of Craig Holden ("Holden Decl.") ¶ 2, ECF No. 60-1. Plaintiff claims that the meet and confer was only about the Motion for Summary Judgment and there was no substantive discussion at that time regarding the instant Motion; thus, Defendants' Motion should be denied. Pl.'s Opposition ("Opp'n") 4:1-15.

    While Plaintiff may have been put on notice that Defendants would seek attorneys' fees if the Motion for Summary Judgment was granted, the purpose of Local Rule 7-3 is to facilitate possible resolution without the need for an unnecessary motion. Defendants failed to properly meet and confer with Plaintiff regarding the instant Motion. There was no substantive discussion about attorneys' fees during the meet and confer on September 9, 2016, because at that time only the Motion for Summary Judgment was contemplated.

    In his Opposition, Plaintiff neither demonstrates that Defendants' Motion is "unnecessary," nor does Plaintiff show that he has suffered prejudice as a result of the absence of a conference. Rather, Plaintiff conclusory states Defendants did not properly

meet and confer and the Motion should therefore be denied. Opp'n 4:8-16. Because there appears to be no prejudice to Plaintiff in considering Defendants' Motion on the merits, the Court exercises its discretion to do so. <u>Reed</u>, 2013 WL 1344912 at *6; <u>see</u> <u>Thomas v. U.S. Foods, Inc.</u>, No. 8:12-cv-1221-JST (JEMx), 2012 WL 5634847, at *1 n.1 (C.D. Cal. Nov. 14, 2012)(considering the plaintiff's motion despite failure to comply with Local Rule 7-3).

    2.  <u>The Case is Not "Exceptional" in Light of the "Nonexclusive" Factors and the Totality of the Circumstances</u>

Defendants ask the Court to award them $150,100 in attorneys' fees incurred in defending Plaintiff's "objectively unreasonable claims" because this case is "exceptional" within the meaning of 15 U.S.C. § 1117. Defs.' Mot. for Atty's Fees ("Mot.") 1:3-7. Defendants argue they are entitled to attorneys' fees because this Court cancelled Plaintiff's "Mastermind" trademark by finding the mark was descriptive, did not acquire secondary meaning, and because Plaintiff failed to support his federal dilution claim.

Plaintiff argues that because he believed his mark was suggestive, the case is not exceptional. Opp'n 2:11-13. Determining whether a mark is descriptive or suggestive is a high evidentiary bar and a close question; therefore, Plaintiff was justified in his reasonable belief that the mark was suggestive and did

not require showing the mark acquired secondary meaning.  Id. at 2:14-19; 2:23-28.

Exceptional cases "stand[] out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." SunEarth, 839 F.3d at 1180 (quoting Octane Fitness, 134 S. Ct. at 1756). In light of the "nonexclusive" factors of "frivousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence," this case is not exceptional and does not support an award of attorneys' fees because Plaintiff had a registered trademark, his motivation in pursuing the lawsuit was to police and enforce his trademark rights, and the case was not objectively unreasonable both in the factual and legal components of the case. Octane Fitness, 134 S. Ct. at 1756 n.6 (quoting Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 n.19 (1994)).

If a plaintiff has raised "debatable issues" and can be found to have had a legitimate reason for bringing the lawsuit, it supports a finding that a case is not exceptional. Nutrivita Laboratories, Inc. v. VBS Distribution Inc., 160 F. Supp. 3d 1184, 1192 (C.D. Cal. 2016).  However, where a party has not complied with a court's order, that conduct may render a case

exceptional. <u>ROAR, LLC v. ROAR Global Limited</u>, No. 2:15-cv-05865-ODW (AFM), 2016 WL 7115902, at *7 (C.D. Cal. Dec. 5, 2016). Additionally, a plaintiff's actions, including unreasonable conduct such as misrepresentations and misleading statements to the court, may be sufficient to find that a case is exceptional. <u>Elem Indian Colony of Pomo Indians of the Sulphur Bank Rancheria v. Ceiba Legal, LLP</u>, No. C 16-03081 WHA, 2017 WL 467839, at *2 (C.D. Cal. Feb. 2, 2017). Here, there is no evidence Plaintiff mislead the Court or misrepresented any facts.

Contrary to Defendants' assertions, the fact that Plaintiff did have a registered trademark supports a finding that Plaintiff's claims were not frivolous and Plaintiff had a legitimate reason for bringing the lawsuit. A presumption of validity exists when there is a registered trademark. <u>Solid 21, Inc. v. Hubolt of America</u>, 109 F. Supp. 3d 1313, 1322 (C.D. Cal. 2015) (citing <u>Yellow Cab Co. Of Sacramento v. Yellow Cab of Elk Grove, Inc.</u>, 419 F.3d 925, 927 (9th Cir. 2005)). Having a validly registered trademark entitles Plaintiff to police his mark if he reasonably believes the mark has been infringed. The fact that Plaintiff sent cease and desist letters to other entities—and at least one responded by taking down content from their website—counters Defendants' assertion that Plaintiff's claims were completely baseless and Plaintiff's motivation in filing the lawsuit against Defendants may

have been to "receive a quick pay day" from Defendants. Pl.'s Opp'n to Defs.' Mot. for Summ. J. 7:4-11, Ex. F, ECF No. 52; Reply 5:15-19.

Additionally, the Court disagrees with Defendants' attempt to analogize the present case with the holding from Dzinesquare, Inc. v. Armano Luxury Alloys, Inc., CV 14-01918 JVS (JCGx), 2015 U.S. Dist. LEXIS 178443, at *7 (C.D. Cal. Apr. 1, 2015).[2] Here, while Plaintiff did not address his federal dilution claim in his Opposition to Defendants' Motion for Summary Judgment, that alone is not sufficient to find the case is exceptional. That was only one claim in Plaintiff's Complaint. That does not make Plaintiff's claim "stand out" from the others and show that the entire case was objectively unreasonable. SunEarth, 839 F.3d at 1180 (quoting Octane Fitness, 134 S. Ct. at 1756).

Defendants have also failed to show that Plaintiff

---

[2] In Dzinesquare, the court held that the case was exceptional for plaintiff's patent claim because plaintiff failed to provide a Statement of Genuine Disputes, admitted the patent was invalid, and admitted his patent infringement claims were objectively baseless. The court also found that the case was exceptional, warranting attorneys' fees against plaintiff for his claims under the Lanham Act because plaintiff did not provide proof that his mark acquired secondary meaning. Id. at *10. Plaintiff argued this was because defendant filed the motion for summary judgment prior to the discovery cut-off date and plaintiff did not have time to refute this assertion. Id. The court held plaintiff should have had this evidence irrespective of when defendant filed the motion for summary judgment. Id. Plaintiff's evidence of his sales was insufficient to support his trade dress dilution claim. Id. at *11. Due to the combined weakness of both claims, the court found the case stood out from others and was exceptional under Octane Fitness. Id.

11

litigated the case in an unreasonable manner. Plaintiff attempted to show that Defendants infringed on his mark "Mastermind."  Although the Court did not find Plaintiff's arguments persuasive, Plaintiff nevertheless set forth good faith arguments and what he believed was evidence that the mark was suggestive and not descriptive, therefore not necessitating the need for a showing of secondary meaning.  The Court noted in its Order on Defendants' Motion for Summary Judgment that a determination of whether a mark is suggestive or descriptive is not as clear or objective as one would think.  Order Re Defs.' Mot. for Summ. J. 10:2-5, ECF No. 58.  Plaintiff attempted to show—through flyers for performances where Plaintiff beared the name "Mastermind" and screenshots of some of Plaintiff's songs released using the name "Mastermind"—that the mark was distinctive of Plaintiff's goods and acquired secondary meaning.  Id. at 15:24-16:4.  While the Court found this to be insufficient, it is difficult for the Court to conclude, as Defendants suggest, that it was frivolous or objectively unreasonable for Plaintiff to pursue this litigation.  "[W]here a party has set forth some good faith argument in favor of its position, it will generally not be found to have advanced exceptionally meritless claims." Deckers Outdoor Corp. v. Romeo & Juliette, Inc., No. 2:15-cv-02812-ODW (Cwx), 2016 WL 5842187, at *3 (C.D. Cal. Oct. 5, 2016) (internal quotation marks and citation omitted).

In Applied Information Sciences Corp. v. eBay, Inc., 511 F.3d 966, 973 (9th Cir. 2007), the Ninth Circuit affirmed the district court's finding that the case was not exceptional. In that case, plaintiff registered a trademark, "Smartsearch," and was issued a registration by the Patent and Trademark Office. Id. at 969-70. In 2000, defendant began using "Smart Search" as a link on its homepage. Id. at 970. The Ninth Circuit affirmed the district court's grant of summary judgment because plaintiff failed to produce "any admissible evidence tending to show a likelihood of confusion, or address any of the Sleekcraft factors required for a likelihood of confusion analysis." Id. at 973. Despite this failure of proof, however, the Ninth Circuit affirmed the district court's finding that the case was not exceptional, agreeing that "[plaintiff's] case was not frivolous and that [plaintiff] raised debatable issues." Id. The court "[found] no compelling proof that [plaintiff] acted capriciously or pursued litigation to harass [defendant], or that [plaintiff] intended to bring a meritless or unreasonable case against [defendant]." Id. Here too, Defendants' main contention in attempting to show the case is exceptional is Plaintiff's failure of proof in his Opposition to Defendants' Motion for Summary Judgment. Defendants have failed to set forth any evidence that Plaintiff pursued this litigation to harass Defendants or any

other basis to find the case is exceptional.

Defendants have also failed to set forth how there is a particular need in this case to advance considerations of compensation and deterrence. While Defendants argue awarding attorneys' fees would deter future plaintiffs from suing "in the hopes of getting rich quick," this argument is unpersuasive because Defendants have failed to show that was the reasoning behind the instant litigation. Reply 6:7-9.

While the standard for awarding attorneys' fees under 15 U.S.C. § 1117 has been relaxed, Defendants must still prove by a preponderance of the evidence and in light of the totality of the circumstances that the case is exceptional. Defendants' only basis for such a finding is Plaintiff's failure to show the trademark acquired secondary meaning and Plaintiff's failure to defend his federal dilution claim. However, mere failure of proof on a claim or lack of success in a lawsuit is not sufficient to warrant a finding that a case is exceptional. Defendants have failed to meet the required burden of proof. In exercising equitable discretion considering the "nonexclusive" factors and in light of the totality of the circumstances, this case is not exceptional and Defendants are not entitled to attorneys' fees.

///

///

///

## IV. CONCLUSION

Accordingly, the Court **DENIES** Defendants' Motion for Attorneys' Fees [60].

**IT IS SO ORDERED.**

DATED: March 1, 2017        s/ RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge

15